ANNIE BATTEY, TRUSTEE, *vs.* WILLIAM A. WARNER, ET AL.

MAY 29, 1907.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Pleading and Practice. Set-Off. Statement of Demands.*

Court and practice act, sections 293 to 295, relating to set-off, while it expressly exonerates a defendant from filing a *formal plea* in set-off, by permitting the filing of the statement of *demands* in set-off with the general issue, peremptorily requires that the statement of demands be filed *with the plea*; hence where a defendant filed in addition to the general issue a plea in set-off in the usual printed form with a count on book account and the common counts, but without a statement of his demands, he is not entitled to maintain the plea in set-off.

(2) *Pleading and Practice. Set-Off. Filing Additional Pleas.*

Where a defendant had neglected to file a statement of demands with a plea in set-off, a motion for leave to file such statement during the progress of the trial is properly denied. The liberality of amendment under our statutes does not extend to the right to file new pleas and raise new issues while a case is on trial.

ASSUMPSIT. Heard on exceptions of defendants, and overruled.

PARKHURST, J. On March 23rd, 1902, William A. Warner and Sarah A. Warner made a promissory note payable to Annie Battey Warner on demand for the sum of two hundred and sixty-three ($263.00) dollars. Miss Warner subsequently married Frank E. Battey, and about the middle of January, A. D. 1905, after demand, transferred the note to Frank E. Battey, her husband. She then brought suit in the District Court as trustee for said Frank E. Battey. The defendants filed in the District Court, in addition to the general issue and

a special plea, a plea in set-off in the usual printed form, with a count on a book account, and the usual common counts, but without "a statement of his demands," as required by court and practice act, section 295. The District Court awarded the plaintiff the full amount of the note with interest, upon the submission of the defendants. The defendants claimed a jury trial, and upon trial before a jury in the Superior Court a verdict was rendered for the plaintiff for the face of the note with interest, amounting to the sum of three hundred and thirty-nine dollars and twenty-seven cents.

The justice of the Superior Court, in the course of the trial, ruled that the plea in set-off, filed by the defendants, was not a proper plea in set-off because there was not filed with the plea "a statement of the defendants' demands" as required by court and practice act, section 295; and that therefore no evidence could be offered under such plea by way of set-off; and such evidence so offered was ruled out.

Defendants excepted to such rulings, and then moved for leave to file a statement of defendants' demands; this motion was denied, but it does not appear from the record of the trial that any exception was taken to this denial at that time; such an exception does, however, appear in the exceptions allowed by the justice presiding at the trial.

The case is now before this court on the defendants' exceptions, as follows:

"First: The ruling out by the presiding justice of the defendants' plea or statement of their demand in set-off.

"Second: To the decision of and refusal of the court to allow the defendants' motion to file a further statement of his demands, or a bill of particulars, as appears by reference to pages 21 and 22 of the statement of evidence.

"Third: To the ruling out by the presiding justice of the evidence offered under the defendants' plea or statement of their demand in set-off.

"Fourth: To the charge to the jury relating to the plea in set-off, or the statement of their demands.

The first, third, and fourth exceptions all raise the question

of the sufficiency of the defendants' plea in set-off, and may therefore be considered together.

The court and practice act (pp. 85–6) relating to set-off is as follows:

"Sec. 292. Whenever an action shall be brought to recover a sum due on any book account, or on money counts, the plaintiff shall annex to his declaration, on filing the same, an account of the particulars of his claim, or, failing so to do within such time as may be fixed by the court, his action may on motion be dismissed.

"Sec. 293. The defendant in cases of book account and also in all actions on account stated by the parties, a *quantum meruit, quantum valebat,* or for goods sold, or for services done at an agreed price, may plead the general issue and may file with his said plea a statement in set-off as hereinafter provided; and the court or jury who shall assess the damages in such cases shall determine the balance due to either party, and the party in whose favor the balance shall be found shall recover judgment therefor (provided that in any district court such balances does not exceed five hundred dollars), together with his costs, and shall have execution accordingly.

"Sec. 294. If any defendant shall have a demand on the plaintiff for any sum liquidated, or for one which may be ascertained by calculation, and which is founded on a judgment, or on an account, or on any contract whether express or implied, and whether with or without seal, and which existed at the time of the commencement of the action and then belonged to the defendant in his own right and for which he might maintain a suit in his own name, he may set off the same in any action founded on any demand which could itself be set off.

"Sec. 295. To entitle the defendant to a set-off, he shall file a statement of his demands in court, or in the office of the clerk, with his plea, and shall set forth his demands with as much certainty as would be required in a declaration, and the court in which the action shall be pending may render judgment for the defendant, for the balance due to him (but not

exceeding the amount of five hundred dollars in a district court), and also give judgment for costs."

(1)    It will be noted that in case of a declaration on book account or on money counts the plaintiff (under section 292) "shall annex to his declaration, on filing the same, an account of the particulars of his claims, or, failing so to do within such time as may be fixed by the court, his action may on motion be dismissed." This provision differs widely from the subsequent provision, relating to the filing of a statement of demands in set-off, in that it does not peremptorily require the filing of the account of particulars at the time of filing the declaration, but provides for a subsequent filing upon motion.

On the other hand, while the defendant is allowed by section 293 to plead the general issue and to "file with his said plea a statement in set-off as hereinafter provided," by section 295, a defendant is required to file such statement "with his plea," to entitle him to a set-off, and there is no provision for any subsequent motion or proceeding to make the defendant file such statement if he has not seen fit to avail himself of the privilege as provided by statute. The statute expressly exonerates the defendant from filing a *formal plea* in set-off by permitting the filing of the statement of *demands* in set-off with the general issue; but expressly and peremptorily requires that the statement of demands be filed *with the plea.* The defendant, not having complied with section 295, was not entitled to a set-off.

We do not find any error in the rulings of the Superior Court in relation to the defendants' plea in set-off, and the exceptions thereto must be overruled.

(2)    As to the second exception, relating to the denial of the defendants' motion for leave to file a statement of his demands in set-off during the progress of the trial, we think the motion was properly denied. There was no proper plea in set-off in the case at the time. The granting of the motion would have been tantamount to the permission to plead new matter while the case was on trial, and would not have been proper against objection. It would have been a manifest injustice to the plaintiff, then in court and having closed her case to the jury, to have been obliged to reopen

her case to meet issues not properly made on the pleadings, or to continue the case to a subsequent date and lose her day in court to which she was then entitled. The liberality of amendment, under our statutes, does not extend to the right to file new pleas and raise new issues while a case is actually on trial.

Furthermore, upon statement by the defendants that they proposed, under the general issue, to show payment of the note in suit, by evidence of subsequent payments and expenditures of money by the defendants to the plaintiff and for her account, the defendants were allowed to put in testimony as to certain payments of cash to the plaintiff direct; also as to the payment of a dentist's bill by the defendant William A. Warner (the plaintiff's father); also as to board claimed to be due from the plaintiff to the defendants. These were all the items claimed by the defendants to have been the subjects of their claim in set-off; but the defendant's own testimony showed that, as to the dentist's bill, he paid it of his own voluntary act, without the request or knowledge of the plaintiff, and so that item was properly excluded from the consideration of the jury; and as to the board bill, he knew nothing about it, said it was arranged by his wife, the other defendant, and admitted that it was paid to her; and when Mrs. Warner, the other defendant, is called, she does not testify as to the board bill at all; no question was asked her about it; so that as to all the items which could have been included in the statement in set-off, if it had been allowed to be filed, it appears that testimony was put in by the defendants on their claim of payment under the general issue; and that as to the principal items, to wit, the dentist's bill and the board bill, there was no testimony to support them as proper claims against the plaintiff.

It therefore appears that, even without the allowance of the motion to file the statement in set-off, the defendants have had the advantage before the jury of testimony as to all the items of account which would have appeared in that statement if it had been filed.

We find no error in the rulings of the Superior Court. The

exceptions are overruled, and the case is remanded to the Superior Court for entry of judgment upon the verdict.

*Alexander A. McCaughin,* for plaintiff.

*Cassius L. Kneeland,* for defendant.